## S98A0563. JACKSON v. THE STATE.
### (500 SE2d 902)

FLETCHER, Presiding Justice.

Jerome Jackson was convicted of murder in connection with the shooting death of Rodney Williams.[1] Jackson contends that the state failed to prove the essential element of malice and the trial court

---

[1] The shooting occurred on January 18, 1997, and Jackson was indicted on March 18, 1997. On June 17, 1997, a jury found him guilty and the trial court sentenced him to life imprisonment on the murder charge and five years imprisonment on the firearm possession charge. Jackson filed a notice of appeal on July 7, 1997. The case was docketed in this court on December 30, 1997, and submitted for decision without oral arguments on February 23, 1998.

erred in failing to give a charge on implied malice. Because the trial court gave a charge on express malice and the evidence was sufficient for the jury to find actual malice, we affirm.

1. The testimony presented at trial shows that Rodney Williams intervened to break up an argument between Jackson's brother and a woman outside a nightclub in Cairo, Georgia. Six eyewitnesses, who were friends of the woman or Williams, testified that the defendant put his hand on Williams' shoulder or pushed him before shooting him in the face. Williams did not have a gun or other weapon. In a taped interview presented at trial, Jackson said that he pushed Williams back, but Williams kept coming. "I tried to shoot in the air, and I guess I hit him." The pathologist testified that Williams died from the gunshot wound to his head. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Jackson guilty of the crimes charged.[2]

2. Jackson also contends that the trial court erred in its jury charge by failing to charge the jury on implied malice and by omitting the phrase "abandoned and malignant heart" from its definition of malice. We have previously held that the trial court's failure to charge on implied malice is not harmful when the jury is instructed that it must find actual malice before finding the defendant guilty of malice murder.[3] Since the trial court in this case instructed the jury on express malice as defined in OCGA § 16-5-1, its failure to also give a definition of implied malice did not harm Jackson.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1998.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Stewart v. State,* 263 Ga. 843, 846 (440 SE2d 452) (1994).